UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GINA ALLENDE, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>  vs.<br><br>SCOTT LOWERY LAW OFFICES, P.C. d/b/a P. SCOTT LOWERY, P.C., and CACH, LLC,<br><br>          Defendants. | Case No.: 13 CV 323<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.     Plaintiff Gina Allende is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, a debt allegedly incurred for personal, family or household purposes, namely an alleged personal credit card debt.

5.     Defendant Scott Lowery Law Office, P.C. ("Lowery") is a multi-state law firm with a principal place of business located at 5680 Greenwood Plaza Blvd., Suite 500, Greenwood Village, CO 80111. It does business under the trade name "P. Scott Lowery, P.C."

6.  Lowery is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Lowery is a "debt collector" as defined in 15 U.S.C. § 1692a.

7.  Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

8.  CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

9.  Lowery, a law firm, is CACH's agent with respect to the collection of the Plaintiff's and class members' alleged debts.

10. CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Lowery's actions. 15 U.S.C. § 1692a(6).

## FACTS

11. On or about July 3, 2012, Lowery mailed a debt collection letter to Plaintiff regarding an alleged debt owed to CACH and previously owed to "GE Money Retail Bank." A copy of this letter is attached as Exhibit A.

12. The alleged debt identified in Exhibit A was a credit card used for personal, household and family purposes.

13. Upon information and belief, Exhibit A was the first letter Lowery sent Plaintiff regarding the alleged debt to which the letter refers.

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. On or about September 10, 2012, Lowery mailed a debt collection letter to Plaintiff regarding the same alleged debt owed to CACH. A copy of this letter is attached as Exhibit B.

2

16. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17. <u>Exhibit B</u> contains the following text:

> We believe this matter can be resolved amicably if we can secure your cooperation.
>
> If you would like to discuss settling this matter so our office does not need to proceed further, please promptly contact our office using our toll free number above.

18. The unsophisticated consumer would interpret the "proceed further" language of <u>Exhibit B</u> to mean that Lowery was threatening to bring a lawsuit against the recipient, when in fact, Lowery had no intention or ability to do so.

19. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." Avila v. Rubin, 84 F.3d 222, 229 (7th Cir.1996).

20. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id.*

21. "In the alternative, a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009); *citing Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d Cir. 2005).

3

22. <u>Exhibit A</u> contains the disclaimer identified in *Greco*: "At this time no attorney with our law firm has personally reviewed the particular circumstances of your account."

23. Lowery's subsequent letter, however did not include the disclaimer. <u>Exhibit B</u>.

24. The disclaimer in <u>Exhibit A</u> cannot apply to <u>Exhibit B</u>, as the disclaimer specifically states that no attorney had reviewed Plaintiff's account "at this time." <u>Exhibit B</u> was sent to Plaintiff two months later, which is a sufficient amount of time for an attorney to conduct a review of the account.

25. Upon information and belief, no attorneys at Lowery are licensed to practice in Wisconsin.

26. Lowery's letterhead identifies only one attorney, Brian M. Sullivan, and states that Sullivan is "Admitted in Colorado." <u>Exhibits A, B</u>. Attorney Sullivan is not licensed in Wisconsin.

27. Upon information and belief, at the time <u>Exhibit B</u> was mailed to Plaintiff, Attorney Sullivan had not assessed the validity of the alleged debt to the standards required of an attorney.

28. Upon information and belief, at the time <u>Exhibit B</u> was mailed to Plaintiff, Attorney Sullivan had not reviewed any documentation underlying the alleged debt, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debt.

29. Upon information and belief, at the time <u>Exhibit B</u> was mailed to Plaintiff, Attorney Sullivan had not reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Lowery generated and mailed both <u>Exhibits A and B</u>.

30. Upon information and belief, at the time <u>Exhibit B</u> was mailed to Plaintiff, Attorney Sullivan had not exercised the professional judgment of an attorney that Plaintiff or any

4

other class member was delinquent on her debt and a candidate for legal action, nor was Attorney Sullivan meaningfully involved in the decision to send Exhibit B to Plaintiff.

31. Upon information and belief, Attorney Sullivan never makes a "considered, professional judgment" that legal action is appropriate on a Wisconsin debt because Lowery does not sue in Wisconsin.

32. Upon information and belief, Attorney Sullivan did not review each class member's collection letter (in the form of Exhibit B) in any meaningful sense, before Exhibit B was mailed.

33. Upon information and belief, Attorney Sullivan did not make an individualized assessment of the class member's circumstances or liability, before Exhibit B was mailed to each class member.

34. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

35. The FDCPA specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

36. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

37. The Seventh Circuit has held that an attorney who sends debt collection letters without meaningfully reviewing each individual account and letter personally and "reach[ing] a considered, professional judgment that the debtor is delinquent and is a candidate for legal action", violates those sections of the FDCPA, 15 U.S.C. §§ 1692e(3) and 1692e(10). *Avila*, 84 F.3d at 229; *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002).

5

**COUNT I – FDCPA**

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. Exhibit B creates the false impression that Attorney Sullivan had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit B itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

40. Before mailing Exhibit B to Plaintiff and the class, Attorney Sullivan did not have any meaningful involvement with Plaintiff's or class members' alleged debts or the letters.

41. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10). *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635.

**CLASS ALLEGATIONS**

42. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit B, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after March 20, 2012, (e) that was not returned by the postal service.

43. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

44. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit B violates the FDCPA.

45. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: March 20, 2013

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com